## SALE OF A SALOON UNDER FALSE REPRESENTATIONS.

Circuit Court of Cuyahoga County.

I. P. MASTEN v. S. S. LEVY AND ANDREW L. KRAFFERT.*

Decided, November 9, 1910.

*Action Sounding Both in Tort and Breach of Contract—Evidence— Either Relief Grantable.*

The intermingling of allegations of fraud and breach of contract, concerning the same transaction, do not necessarily commit the pleader to a single theory of his right to recover. He may introduce evidence in support of both aspects of his case and recover on either or both, according to the proof made.

*W. D. Meals and B. J. Sawyer,* for plaintiff in error.
*J. M. Shallenberger* and *J. De Kaiser,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The action below was brought by plaintiff in error here upon a promissory note for $500 made and delivered to him by the defendants in error Levy and Kraffert. Masten sold to Levy and Kraffert August 22, 1905, a saloon business at Nos. 7 and 9 East End avenue for $3,000, of which $2,000 was paid down and two notes for $500 each were given to cover the balance of the purchase price. One of these notes was afterwards paid and the action below was upon the remaining one. The defendant Kraffert was served, but filed no pleading. Levy answered admitting the facts as above set forth and alleging by way of further answer and also by way of cross-petition, that the transaction in question was evidenced by a contract which was put in evidence, and is as follows:

"CLEVELAND, O., Aug. 22, 1905.
"This agreement entered into between I. P. Masten first party and Levy and Kraffert second party, witnesses:
"In consideration of bill of sale executed this day between said parties, first party agrees to deliver to second party on or before the 1st day of September, A. D. 1905, a lease of saloon

* Affirmed without opinion, *Masten* v. *Levy,* 86 Ohio State, 363.

at No. 9 East End Ave., Cleveland,. Ohio, from September 1st, 1905, until June, 1909, executed by the Cleveland Sandusky Brewing Co. with the same condition printed in copy of lease hereto attached with rental at $60 per month.

"First party agrees to not go into the retail saloon business within three miles of said location during term of said lease, or continuance of said second parties' or assignees in said location.  Said first party to conduct business until September 1st, as his own, second party to have all receipts and pay all bills from the time of signing these presents.

"First party to stay and assist second party in becoming acquainted with said business for a period of not less than thirty days.

"First party to secure for second party same right of control of brand of whiskey known as 'Full Weight' the same as he has.

"Second party to have right to use sign and name of first party as now on said building.

"(Signed)    I. P. MASTEN.

"Attest:
    "B. J. SAWYER."

The form of lease mentioned in this contract was never attached, and the bill of sale referred to therein discloses that he contracted to sell all wines, liquors, cordials, beer and cigars then in stock and contained in the saloon at No. 9 East End avenue.

The answer and cross-petition further alleges that the foregoing contract was violated by Masten in several particulars, to-wit:

First, in that he failed to deliver the lease called for therein and that the provision in the contract to the effect that the lease was "to be executed by the Cleveland Sandusky Brewing Company" was interpolated by or for Masten after the execution of the contract and without the consent of the purchasers.

Second, that Masten misrepresented the quantity of whiskey in stock by express statements that there were three barrels thereof on hand; whereas in fact there were only some twenty-four gallons in all.

Third, that an ice box and certain screens in the saloon were represented by Masten to belong to him and to be among the

items of property covered by the contract of sale; whereas in truth they were the property of third parties and were never delivered to the defendants.

Fourth, that Masten failed to assist defendants in becoming acquainted with the trade.

Fifth, that Masten's failure to deliver the lease called for by the contract and his delinquency in other respects resulted in the utter loss of the good will of said business and its complete ruin and loss, so that the same was closed out and at public sale was bought in by Masten, who thereupon resumed business in that location.

All this is charged to have been done by Masten in pursuance of a preconceived plan to defraud Levy and Kraffert. Levy also avers that he requested Kraffert to join with him in demanding the relief prayed for in his cross-petition, to-wit, the cancellation of the note sued on by plaintiff, and damages in the sum of $5,000, but that Kraffert refused to comply with said request.

Issue was joined by reply which denied that Masten had in any way violated the contract. Upon trial of the issues a verdict and judgment were rendered for the defendants, allowing nothing upon the note sued on, and awarding damages on the cross-petition in the sum of $900.

The errors here complained of all relate to the question: "What is the true theory of the cause of action asserted in the cross-petition"? The plaintiff in error says in his brief, "It is true that the cross-petition contains allegations of fraudulent representation, but on the whole the defendant Levy's action as set forth in said cross-petition is one for breach of contract; at all events it was ultimately so construed by the trial court," etc., and it is urged that the court erred in admitting evidence of fraud. The charge, it is said, similarly confuses two irreconcilable theories of the case, made by the cross-petition.

We do not agree with plaintiff's contention that the court erred in these particulars.

In *Gardner* v. *Corwine*, 57 Ohio St., 246, suit was brought by Gardner against Corwine to recover damages for breach of warranty in the sale of a horse. The petition alleged, in addition to the warranty and its breach, that the defendant knew

at the time of the sale that the animal was not what it was warranted to be. It was there contended that the effect of the averment charging the defendant with knowledge of the falsity of the warranty was to make the action one for deceit or fraud, and therefore that proof of such knowledge was essential to the plaintiff's right of recovery; otherwise the petition would include two inconsistent causes of action which could not be joined. In the opinion of the court, Williams, J., says at page 255:

"Whether there is more than one cause of action stated in the petition is a question upon which difference of opinion may exist. But it need not now be determined. If there are two, one for breach of the warranty and the other for fraud, they grow out of the same transaction, and may be properly joined in the same petition.  *  *  *  In favor of the view that there is but one cause of action stated, it may be said, there was but a single transaction between the parties, the negotiations resulted in the sale of the horse; there was but one wrong of the defendant, the sale of an unsound animal as and for a sound one; and there is but one right of the plaintiff growing out of the wrong, that is, to have redress for the injury he sustained in consequence of it, and for which he can have but one recovery. And a statement of all the facts of the transaction, with a demand for the relief desired, as one cause of action, seems more in harmony with our reformed system of pleading than the repetition of them, which becomes necessary, in part at least, in their statement as separate causes of action."

Elsewhere in the same opinion he says further:

"And it is competent, we think, for a plaintiff to state in his pleading all the facts of the transaction which enter into his right to recover, as he believes them to be, though they present different grounds of recovery, and admit of different modes or measures of relief; and he may ultimately have that relief to which the allegations proved, show him entitled."

From the entire opinion it is manifest that the intermingling of allegations of fraud and breach of contract concerning the same transactions does not necessarily commit the pleader to a single theory of his right to recover. He may introduce evidence in support of both aspects of his case and recover on either. or both, according to the proof made. In other words, the case

presented upon the record before us may be viewed as involving the elements both of fraud and of breach of contract without any inconsistency. We discover no error in the admission of evidence upon the both aspects of the issue, and we find no error in the charge of the court upon the case as made by the evidence. The entire record is free from substantial or prejudicial error to the plaintiff in error and the judgment is affirmed.